IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case Number: 2:22-cv-00821

IMIRACLE (HK) LIMITED,

        Plaintiff,

v.

MERLINS DREAM LLC d/b/a MERLINS DREAM, REZA ANSARY, and MOSTOFA ANSARY,

        Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

The Plaintiff, IMIRACLE (HK) LIMITED (hereinafter referred to as "IMIRACLE"), by and through its undersigned counsel, hereby files this, its Complaint against the Defendants, MERLINS DREAM LLC d/b/a MERLINS DREAM, REZA ANSARY, and MOSTOFA ANSARY (hereinafter collectively referred to as the "OWNERS") and alleges, as follows:

### Jurisdictional Allegations

1. This is a civil action against the Defendants for trademark infringement, counterfeiting, and false designation of origin and unfair competition, under the Lanham Act (15 U.S.C. § 1051 *et. seq.*).

2. This Court has subject matter jurisdiction over the claims in this action that relate to trademark infringement, counterfeiting, and false designation of origin and unfair competition pursuant to the provisions of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

**Venue**

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that the Defendants reside in this district and the cause of action occurred in this district.

**Parties**

4. IMIRACLE is a Hong Kong Limited Liability Company that has its principal place of business in Hong Kong. IMIRACLE is the registered owner of the ELFBAR trademarks. IMIRACLE is a foreign national.

5. MERLINS DREAM LLC d/b/a MERLINS DREAM (hereinafter referred to as "MERLINS DREAM ") is a limited liability company that was formed in Florida and has its principal place of business at 15250 S Tamiami Trail Suite 101, Fort Myers, FL 33908. MERLINS DREAM is a citizen of Florida.

6. REZA ANSARY is a resident of Fort Myers, Florida, and is *sui juris*. REZA ANSARY is a citizen of Florida.

7. MOSTOFA ANSARY is a resident of Fort Myers, Florida, and is *sui juris*. MOSTOFA ANSARY is a citizen of Florida.

**Facts Common to All Counts**

**The History of The ELFBAR Brand**

8. Since 2018, IMIRACLE has marketed and sold nicotine vaporizing products using the well-known trademark "ELFBAR." The ELFBAR branded products, such as disposable rechargeable E-cigarette Vapes, are widely recognized nationally and internationally. Indeed, the ELFBAR brand is one of the leading brands in the industry, known for the dependable and high quality of products.

9. For approximately four years, IMIRACLE has worked to distinguish the ELFBAR

brand as the premier manufacturer of disposable E-cigarette Vapes by emphasizing the brand's unwavering use of quality materials and focusing on scientific principles which facilitate a superior smoking experience.  It is precisely because of the unyielding quest for quality and unsurpassed innovation that ELFBAR branded products have a significant following and appreciation among consumers in the United States and internationally.

10. As a result of the continuous and extensive use of the trademark "ELFBAR," IMIRACLE was granted both valid and subsisting federal statutory and common law rights to the ELFBAR trademark.

11. IMIRACLE is the rightful owner of United States trademark below, which is registered on the Principal Register and have become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.

12. U.S. Trademark Registration Number 6,555, 255 for the design logo (three circles above five leaves) in association with goods further identified in the registration in international class 034.  This trademark is valid and in full effect.   It appears as:

**The ELFBAR Brand in the United States**

13. IMIRACLE has used the ELFBAR Mark in commerce throughout the United States, continuously, since 2018, in connection with the manufacturing of E-cigarette Vapes and accessories.

14. The ELFBAR Mark is distinctive to both the consuming public and the Plaintiff's trade.  IMIRACLE's ELFBAR branded products are made from superior materials.  The

superiority of ELFBAR branded products is not only readily apparent to consumers, but to industry professionals as well.

15. The ELFBAR Trademark is exclusive to IMIRACLE and appears clearly on IMIRACLE's ELFBAR products, as well as on the packaging and advertisements related to the products. IMIRACLE has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting and protecting this Trademark. As a result, products bearing the ELFBAR Trademark are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from IMIRACLE.

16. Products bearing the ELFBAR Trademark have become some of the most popular e-cigarettes in the world and have also been the subject of extensive unsolicited publicity resulting from their high-quality and innovative designs. Because of these and other factors, the ELFBAR brand and the ELFBAR Trademark is famous throughout the United States.

17. Since 2018, IMIRACLE has worked to build significant goodwill for the ELFBAR brand in the United States. IMIRACLE has spent substantial time, money, and effort in developing consumer recognition and awareness of the ELFBAR brand, via point of purchase materials, displays, through their websites, attending industry trade shows, and through social media promotion.

18. In fact, the ELFBAR products have been praised and recognized by numerous online publications, as well as publications directed to the general public.

19. IMIRACLE sells its products under the ELFBAR Mark to authorized stores in the United States, including in Florida. As such, ELFBAR branded products reach a vast array of consumers throughout the country.

20. Due to the brand recognition, ELFBAR branded products are targeted by

counterfeiters. These unscrupulous people and entities tarnish the ELFBAR brand by unlawfully selling E-cigarette Vapes that have identical, or nearly identical, versions of the ELFBAR Mark affixed to products that are made with inferior materials and technology, thereby leading to significant illegitimate profits by the OWNERS, such as the Defendants in the instant case.

21. In essence, the Defendants mislead consumers by selling in their stores low grade products that free ride on the goodwill of the ELFBAR brand, and in turn, the Defendants reap substantial ill-begotten profits. The Defendants' offering for sale of counterfeit ELFBAR products contributes to the complete flooding of the marketplace with counterfeit ELFBAR products, which results in lost sales and damages to IMIRACLE and irreparable harm to the ELFBAR brand's image.

22. Unfortunately, the current U.S. marketplace is saturated with counterfeit ELFBAR products – just like those the OWNERS, through their store, MERLINS DREAM , are offering for sale. As such, IMIRACLE has been forced to scrupulously enforce its rights in order to protect the ELFBAR Marks against infringement. By exercising its Enforcement Rights, IMIRACLE has proactively and successfully policed the unauthorized use of the ELFBAR Mark and/or counterfeit ELFBAR branded products nationwide. IMIRACLE has had to bear great expense to seek out and investigate suspected counterfeiters in its attempt to clean up the marketplace.

**Defendants' Offering for Sale Counterfeit Goods**

23. The Defendants have, and they continue to, offer for sale counterfeit ELFBAR products with the ELFBAR trademark and without the consent of IMIRACLE. In fact, they offer counterfeit e-cigarette bearing imitations of the ELFBAR Trademark that were not made or authorized by IMIRACLE. These are hereinafter referred to as the "Counterfeit Goods."

24. Nevertheless, the Defendants have and continue to offer for sale in commerce the

5

Counterfeit Goods, specifically, the Defendants offer for sale reproductions, counterfeits, copies, and/or colorable imitations of the ELFBAR Trademark (hereinafter the "Infringing Mark"), detailed above.

25. The Defendants have, without the consent of IMIRACLE, continued to offer for sale in their store, the Counterfeit Goods bearing the Infringing Mark, bearing the likeness of the ELFBAR Trademark in the United States.

26. The mark affixed to the Counterfeit Goods that the Defendants have offered for sale is a spurious mark which is identical with, or substantially indistinguishable from, the ELFBAR Trademark. The mark on the Counterfeit Goods is in fact a counterfeit mark as defined in 15 U.S.C. § 1116(d).

27. In the ongoing investigation into the sales of counterfeit products bearing the ELFBAR Mark, MERLINS DREAM offered for sale Counterfeit Goods.

28. Specifically, on December 14, 2022, IMIRACLE's investigator attended MERLINS DREAM 's location, which was open to the public, and observed that it had an excess of E-cigarette Vapes which displayed the ELFBAR Trademark. The investigator purchased one from the batch, and it was a Counterfeit product in that it displayed an Infringing Mark.

29. The OWNERS authorized, directed, and/or participated in MERLINS DREAM 's offer for sale, in commerce, of the Counterfeit Goods. The OWNERS' acts were a moving, active, and conscious force behind MERLINS DREAM 's infringement of the ELFBAR Trademark.

30. The Defendants' use of the counterfeit ELFBAR Trademark began after the registration of the ELFBAR Trademark. Neither IMIRACLE, nor any of its authorized agents, have consented to the Defendants' use of the ELFBAR Trademark, or any use of reproductions, counterfeits, copies and/or colorable imitations thereof.

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (813) 448 – 1129

31. The unauthorized offering for sale by MERLINS DREAM, under the authority, direction and/or participation of the OWNERS, of the Counterfeit Goods was an unlawful act in violation of the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a).

32. The offer for sale by the Defendants of the Counterfeit Goods bearing the Infringing Mark has caused IMIRACLE to suffer losses and is likely to cause damage to the goodwill and reputation associated with the ELFBAR Trademark, which is owned by IMIRACLE.

33. MERLINS DREAM's use of the ELFBAR Mark includes displaying to offer for sale unauthorized copies of Counterfeit ELFBAR branded products. MERLINS DREAM's offering to sell the ELFBAR counterfeit products, bearing the Infringing Mark in this manner, was, and is, likely to cause confusion or to cause mistake and/or deceive consumers who purchase the Counterfeit Goods

34. MERLINS DREAM used images and names identical to or confusingly similar to the ELFBAR Mark, to confuse customers and aid in the promotion and sales of Counterfeit Goods under the Infringing Mark.

35. The Infringing Mark affixed to the Counterfeit Goods that MERLINS DREAM has distributed, provided, marketed, advertised, promoted, offered for sale, and/or sold, is confusingly identical or similar to the ELFBAR Mark that IMIRACLE affixes to its E-cigarette Vapes.

36. The E-cigarette Vapes that MERLINS DREAM sells and offers for sale under the Infringing Mark are sometimes made of substantially inferior materials and inferior technology as compared to genuine ELFBAR brand products.

37. MERLINS DREAM has distributed, provided, marketed, advertised, promoted, offered for sale, and sold its E-cigarette Vapes under the Infringing Mark through its retail convenience store.

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (813) 448 – 1129

38. MERLINS DREAM has marketed, advertised, and promoted its Counterfeit Goods under the Infringing Mark through point of purchase displays, and/or its website, and/or via social media promotion.

39. MERLINS DREAM and the OWNERS' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Counterfeit Goods sold by MERLINS DREAM , and are likely to deceive, and have deceived, the relevant consuming public into mistakenly believing that the Counterfeit Goods sold by MERLINS DREAM originate from, and are associated or affiliated with, or otherwise authorized by IMIRACLE.

40. MERLINS DREAM and OWNERS' acts are willful with the deliberate intent to trade on the goodwill of the ELFBAR Mark, cause confusion and deception in the marketplace, and divert potential sales of the Plaintiff's E-cigarette Vapes to MERLINS DREAM .

41. MERLINS DREAM and OWNERS' acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to IMIRACLE, the ELFBAR Mark, and to its valuable reputation and goodwill with the consuming public for which IMIRACLE has no adequate remedy at law.

42. As a proximate result of the unfair advantage accruing to the OWNERS and MERLINS DREAM 's business from deceptively trading on IMIRACLE's advertising, sales, and consumer recognition, the OWNERS and MERLINS DREAM have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

43. The injuries and damages sustained by IMIRACLE has been directly and proximately caused by MERLINS DREAM and OWNERS' wrongful advertisement, promotion, distribution, sale and offers for sale of their goods bearing infringements or counterfeits of the

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (813) 448 – 1129

ELFBAR Mark.

44. Through such business activities, the OWNERS and MERLINS DREAM purposefully derived direct benefits from its interstate commerce activities by targeting foreseeable purchasers in the State of Florida, and in doing so, have knowingly harmed IMIRACLE.

45. Furthermore, the sale and distribution of Counterfeit Goods by MERLINS DREAM has infringed upon the above-identified federally registered trademark.

46. The spurious mark or designation used by MERLINS DREAM in interstate commerce is identical with, or substantially indistinguishable from, the ELFBAR Mark on goods covered by the ELFBAR Mark. Such use therefore creates a false affiliation between MERLINS DREAM , IMIRACLE, and the ELFBAR Mark.

47. The OWNERS and MERLINS DREAM 's acts have damaged, and will continue to damage IMIRACLE, and IMIRACLE has no adequate remedy at law. Moreover, MERLINS DREAM and OWNERS' wrongful acts will continue unless enjoined by the Court. Accordingly, the OWNERS and MERLINS DREAM must be restrained and enjoined from any further counterfeiting or infringement of the ELFBAR Mark.

**Count One - Federal Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114**

48. The Plaintiff avers Paragraphs 1 through 47, which are stated above and incorporates the allegations therein, as though they are fully restated in this Count by reference.

49. IMIRACLE owns the federally registered ELFBAR Trademark, as set forth in more detail in the foregoing paragraphs.

50. The Defendants, without authorization from IMIRACLE, have used in commerce a spurious designation that is identical with, or substantially indistinguishable from, the ELFBAR Trademark on the same goods covered by the ELFBAR Trademark.

51. The Defendants' unauthorized use of counterfeit mark of the registered ELFBAR Trademark on and in connection with the Defendants' offer for sale in commerce is likely to cause confusion or mistake in the minds of the public.

52. The Defendants' conduct as alleged herein is willful and intended to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Defendants, with IMIRACLE or the ELFBAR Trademark.

53. The Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

54. The Defendants' actions constitute the use by the Defendants of one or more "counterfeit mark(s)" as defined in 15 U.S.C. § 1116(d)(1)(B).

55. The Defendants' use in commerce of the counterfeit ELFBAR Trademark has resulted in lost profits and business to IMIRACLE, which are difficult to determine. The Defendants have also, by selling counterfeit ELFBAR products, caused considerable damage to the goodwill of the ELFBAR Trademark, and diminished the brand recognition of the ELFBAR Trademark by introducing counterfeit products into the marketplace.

56. By reason of the foregoing, the Plaintiff is entitled to, among other relief, injunctive relief, an award of statutory damages, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## Count Two Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a)

57. The Plaintiff avers Paragraphs 1 through 47, which are stated above and incorporate the allegations therein, as though they are fully restated and incorporated in this Count by reference.

58. IMIRACLE owns the federally registered ELFBAR Trademark, as set forth in more

detail in the foregoing paragraphs.

59. The Defendants, without authorization from IMIRACLE, have used in commerce spurious designation that is identical with, or substantially indistinguishable from, the ELFBAR Trademark on the same goods covered by the ELFBAR Trademark.

60. The Defendants' unauthorized use of counterfeit mark of the registered ELFBAR Trademark on and in connection with the Defendants' offers for sale in commerce is likely to cause confusion or mistake in the minds of the public.

61. The Defendants' unauthorized use in commerce of the ELFBAR Trademark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

62. The Defendants' conduct as alleged herein is willful and is intended to, and is likely to, cause confusion, mistake, or deception as to the affiliation, connection, or association of the Defendants, with IMIRACLE or the ELFBAR Trademark.

63. The Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to IMIRACLE, and to the goodwill and reputation of the ELFBAR Trademark. Moreover, it will continue to cause damage to IMIRACLE and confuse the public unless enjoined by this Court.

64. IMIRACLE has no adequate remedy at law.

65. By reason of the foregoing, the Plaintiff is entitled to, among other relief, injunctive relief, an award of statutory damages, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (813) 448 – 1129

## Prayer For Relief

WHEREFORE, the Plaintiff, IMIRACLE (HK) LIMITED, respectfully requests the following relief against the Defendants, as follows:

1. With regard to Plaintiff's Count I for trademark infringement:

    a. Disgorgement of profits under 15 U.S.C. § 1117(a);

    b. Treble damages under 15 U.S.C. § 1117(b);

    c. Statutory damages under 15 U.S.C. § 1117(c);

    d. Costs of suit; and

    e. Joint and several liability for OWNERS, and other officers, and directors, for the knowing participation in the counterfeiting activities of MERLINS DREAM .

2. With regard to Plaintiff's Count II for false designation and unfair competition:

    a. Disgorgement of profits under 15 U.S.C. § 1117(a);

    b. Treble damages under 15 U.S.C. § 1117(b);

    c. Statutory damages under 15 U.S.C. § 1117(c);

    d. Costs of suit; and

    e. Joint and several liability for OWNERS, and other officers, and directors, for the knowing participation in the counterfeiting activities of MERLINS DREAM .

3. Preliminarily and permanently enjoining MERLINS DREAM LLC and its agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concert or participation with it from:

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (813) 448 – 1129

    a. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment licensing, development, display, delivery, marketing, advertising or promotion of the counterfeit ELFBAR product identified in the Complaint and any other unauthorized ELFBAR product, counterfeit, copy or colorful imitation thereof;

4. Pursuant to 15 U.S.C. § 1116(a), directing MERLINS DREAM LLC to file with the Court and serve on the Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which MERLINS DREAM LLC has complied with the injunction;

5. For an order from the Court requiring that the Defendants provide complete accountings and for equitable relief, including that the Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution, including the amount of monies that should have been paid if the Defendants had complied with their legal obligations, or as equity requires;

6. For an order from the Court that an asset freeze or constructive trust be imposed on all monies and profits in the MERLINS DREAM LLC's possession, which rightfully belong to the Plaintiff;

7. Pursuant to 15 U.S.C. § 1118 requiring that the Defendants and all others acting under the Defendants' authority, at its cost, be required to deliver up to the Plaintiff for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the ELFBAR Trademark.

8. For such further and other relief as this Court may deem just and proper.

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (813) 448 – 1129

Date: December 22, 2022

                                                                           Respectfully Submitted,

                                                                           */s/ Gabrielle Alexa Penalta*
                                                                           Gabrielle Alexa Penalta
                                                                           Fla Bar #301796
                                                                           The Ticktin Law Group
                                                                           270 SW Natura Avenue
                                                                           Deerfield Beach, Florida 33441
                                                                           Serv600@LegalBrains.com
                                                                           Telephone: (813) 448 – 1129
                                                                           *Attorneys for the Plaintiff*