IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case Number: 2:22-cv-00821-JLB-NPM

IMIRACLE (HK) LIMITED,

        Plaintiff,

v.

MERLINS DREAM LLC d/b/a MERLINS DREAM, REZA ANSARY, and MOSTOFA ANSARY,

        Defendants.
_____/

## MOTION FOR DEFAULT FINAL JUDGMENT AGAINST ALL DEFENDANTS

Pursuant to Federal Rule 55(b)(2), the Plaintiff, IMIRACLE (HK) LIMITED, moves this Court for entry of default judgment against Defendants, MERLINS DREAM LLC d/b/a MERLINS DREAM, REZA ANSARY, and MOSTOFA ANSARY, in this action. The Defendants were served with the summons and Complaint but failed to file an answer or otherwise defend in this lawsuit. The Plaintiff now requests that this Court enter the attached proposed Default Judgment and Order for Other Equitable Relief, and Civil Money Penalties ("Default

Judgment"). The Default Judgment award includes Statutory Damages of $200,000, and Costs in the amount of $756.47 to be imposed against the Defendants.

## I. PRELIMINARY STATEMENT

As a result of Defendants' failure to appear in this action and the subsequent entry of default against them, the material factual allegations set forth in the Plaintiff's Complaint must be accepted as true. Those allegations establish all of the necessary elements of the Plaintiff's claims for (i) willful trademark infringement of the ELFBAR trademarks in violation of 15 U.S.C. §§ 1114; (ii) trademark counterfeiting of the ELFBAR trademarks in violation of 15 U.S.C. §§ 1116(d); and (iii) willful trademark infringement (false designation) in violation of 15 U.S.C. § 1125(a).

On the facts presented, it is also appropriate for the Court to grant the Plaintiff all relief requested in this motion, namely:

>   a. Statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c) in the amount of $200,000 ($200,000 per mark); and
>
>   b. Costs in the amount of $756.47.

In sum, the Plaintiff seeks an award of statutory damages for Defendants' willful conduct, and an award of the Plaintiff's costs.

## II.   STATEMENT OF FACT

    a.   <u>The "ELFBAR" Trademarks and Plaintiff's Business</u>.

For nearly six years, the Plaintiff IMIRACLE has marketed and sold products bearing the ELFBAR Trademarks, as the Plaintiff is the registered owner of these marks. *See* Compl. ¶¶ 9, 5; [DE 1]. The ELFBAR brand has become one of the leading companies in the industry of portable vaporizers and accessories, making the ELFBAR a brand that is widely known both nationally and internationally, known for being high quality while still at an achievable price point. Compl. ¶ 7.

The ELFBAR brand has become the premier manufacturer of vaporizers through its work over the past years. Compl. ¶ 8. The authentic ELFBAR products are high quality due to the attention to detail the Plaintiff has put into its products. Compl. ¶ 8. Due to the Plaintiff's efforts and attention to detail and quest to always be on the forefront of innovation in this industry, the ELFBAR branded products have a significant following and are sought after both in the United States and abroad. *See* Compl. ¶ 8.

The Plaintiff has spent substantial time, money and effort in developing consumer recognition and awareness of the ELFBAR trademarks. Since 2018, the Plaintiff has built consumer recognition of the ELFBAR Brand, through displays, point of purchase materials, their website, attendance at trade shows, and through

social media. Compl. ¶ 16. The ELFBAR products have been praised and recognized by numerous online publications, as well as publications directed to the general public. Compl. ¶ 17.

At the time of this Complaint, the Plaintiff was the owner of the federally registered and common law trademark. The following is the ELFBAR trademark:

- U.S. Trademark Registration Number 6,555, 255 for the design logo (three circles above five leaves) in association with goods further identified in the registration in international class 034. It appears as:

**b.** <u>The ELFBAR Marks are Counterfeiting Target</u>.

The superiority of ELFBAR products is not only readily apparent to consumers but to industry professionals as well. It is because of the recognized quality and innovation associated with ELFBAR branded products are famous throughout the United States. Due to the brand recognition, ELFBAR branded products are targeted by counterfeiters who are selling E-cigarette Vapes that have identical, or nearly identical, versions of the ELFBAR Mark affixed to products that are made with inferior materials and technology. Compl. ¶ 19.

c. <u>Defendants' Infringing Conduct and Failure to Litigate</u>

The Defendants have engaged in continuous and systematic business in Florida and derive substantial revenue from commercial activities in Florida. Specifically, the Defendants have engaged in the unlawful manufacture, retail sale, and/or wholesale sales of counterfeit ELFBAR branded water pipes and related parts. Compl. ¶ 5.

The Defendants have sold goods with marks allegedly with Trademarks registered to the Plaintiff. Compl. ¶ 24-25. The Defendants' acts constitute willful trademark infringement. Compl. ¶ 39. The Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Counterfeit Goods sold by the Defendants. Compl. ¶ 39-40.

The Defendants have failed to respond to the Complaint or otherwise appear in this action.

### III. LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter a default judgment against properly served Defendants who fail to file a timely responsive pleading. By such a default, all of the Plaintiff's well-pled allegations in the Complaint are deemed admitted. *See Ordonez v. Icon Sky Holdings LLC*, 10-60156-

CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (*citing Buchanan v. Bowman,* 820 F.2d 359,361 (11th Cir.1987)). "If the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages." *Id*. "Where all the essential evidence is on record, an evidentiary hearing on damages is not required." *Id*. (citing *SEC v. Smyth*, 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005)).

## IV. ARGUMENT

### a. A Default Judgment Should Be Awarded Against the Defendants.

The Plaintiff filed its Complaint on December 22, 2022 [DE 1]. The Defendants have failed to respond to the Complaint or otherwise appear in this instant action. Since the Defendants have not responded to the Complaint or otherwise appeared in the instant action, the Plaintiff cannot continue to litigate this case on the merits. As such, if default judgment is not granted, the Plaintiff will be left with no recourse for its injuries to its reputation and business caused by the Defendants' illegal counterfeiting activities. Such an outcome is unfairly prejudicial to the Plaintiff. Therefore, the Court should grant this motion and enter a default judgment against the Defendants.

### b. Plaintiff is Entitled to Statutory Damages.

To prevail on a trademark infringement claim under 15 U.S.C. § 1114, a Plaintiff must prove that a Defendant used, without the consent of the registrant, "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered

mark: which is likely to cause confusion, or to cause mistake, or to deceive." The Plaintiff must demonstrate "(1) that it had prior rights to the mark at issue and (2) that the Defendants had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two." *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (citing *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 360 (11th Cir. 1997) (internal citation omitted). In determining if a likelihood of confusion exists, the Eleventh Circuit Court of Appeals identified relevant seven factors: the type of mark, the similarity of design, the similarity of the product, the identity of retail outlets and purchasers, the similarity of advertising media used, Defendants' intent, and actual confusion. *Id.* (citing *John H. Harland Co. v. Clarke Checks, Inc.*, 711 F.2d 966, 972 (11th Cir. 1983)); *See also Rolex Watch U.S.A., Inc. v. Canner*, 645 F. Supp. 484, 488 (S.D. Fla. 1986).

The Plaintiff is the owner of ELFBAR Trademarks and these are exclusive to the Plaintiff. The Defendants do not have the Plaintiff's consent to sell products that are not genuine ELFBAR goods. The Plaintiff has been damaged by Defendants' acts because those acts were committed with the intent to trade on the goodwill of the ELFBAR Marks, cause confusion and deception in the marketplace, and divert potential sales of the Plaintiff's E-cigarette Vapes to the Defendants. As for the Defendants' sale of counterfeiting goods, the Plaintiff specifically points to

one (1) of the Plaintiff's marks: U.S. Trademark Registration Number 6,555, 255 for the design logo (three circles above five leaves) in association with goods further identified in the registration in international class 034.

The Plaintiff further alleges that the Defendants have sold in commerce Counterfeit Goods using reproductions, counterfeits, copies and/or colorable imitations of ELFBAR Marks. In fact, the Defendants did sell an E-cigarette Vape with one (1) fake ELFBAR Mark, which is in fact a counterfeit product. The E-cigarette Vape, which donned the alleged Trademarks, was sold for a profit in the ordinary stream of commerce. The Defendants used images and names identical to or confusingly similar to the ELFBAR Marks, to confuse customers and aid in the promotion and sales of Counterfeit Goods under the Infringing Marks. The Defendants' use of the ELFBAR Marks includes promoting, marketing, providing, advertising, displaying, distributing, selling, and/or offering for sale unauthorized copies of ELFBAR branded products. The Defendants' offering to sell, selling, marketing, advertising, importing and promoting Counterfeit Goods bearing the Infringing Marks in this manner was and is likely to cause confusion or to cause mistake and/or deceive consumers who purchase the Counterfeit Goods.

The Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. Moreover, it constitutes false designation of origin which is likely to cause confusion and mistake as it will

deceive consumers as to the source or origin of such goods or sponsorship or approval of such goods by the Plaintiff. As a result, the elements described by the court have been satisfied and statutory damages must be awarded.

The Lanham Act, 15 U.S.C. § 1117(c), provides, in pertinent part:

> In a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of —(1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or(2) <u>if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.</u> (Emphasis added)

"A plaintiff who proves a violation of a registered trademark is entitled to recover its profits and any damages sustained. 15 U.S.C. § 1117(a). The Court, in its discretion, has previously taken a baseline statutory damages award, trebled that amount in light of Defendants' willful infringement, and again double it for purposes of deterrence. *See Chanel, Inc. v. Xiangneng Li*, Case No. 11-cv-23914-CMA, 2012 U.S. Dist. LEXIS 191592, *16 (S.D. Fla. Apr. 10, 2012). Because the Defendants have refused to cooperate, as indicated through the failure to obtain counsel, and continue the litigation, it is not possible for the Plaintiff to establish exact damages with certainty. While the Defendants probably have not sold millions

of counterfeit products, it has engaged in the purchase and sale of counterfeits of at least one unit, and likely traded in more.

Further, in *Ramada Inns, Inc. v. Gadsden Motel Co.*, the Eleventh Circuit Court of Appeals held:

> 'Great latitude is given the trial judge in awarding damages, and his judgment will not be set aside unless the award is clearly inadequate.' *Drake v. E.I. DuPont de Nemours and Company*, 432 F.2d 276, 279 (5th Cir.1970). This is especially true of an award fashioned pursuant to the Lanham Act which expressly confers upon district judges wide discretion in determining a just amount of recovery for trademark infringement. *See* 15 U.S.C. § 1117.

804 F.2d 1562, 1564-65 (11th Cir. 1986) (quoting *Holiday Inns, Inc. v. Alberding*, 683 F.2d 931 (5th Cir.1982)). Based on the discretion this Court is given in Lanham Act cases such as this, the damages assessment of IMIRACLE (HK) LIMITED, an award of $200,000.00 ($200,000 per Mark) is the appropriate amount of statutory damages that is well within the discretion of the Court to award. This amount not only reflects actual damages suffered by the Plaintiff, but also sends an unequivocal message to the industry that counterfeiting will not be tolerated, nor will misrepresentations or otherwise refusing to cooperate with discovery demands (even if informally presented). Here, the Defendants have infringed on the Plaintiff's trademarks with Registration Number 6,555, 255, justifying $200,000.00 in statutory damages.

c. <u>Plaintiff is Entitled to Costs of the Litigation</u>.

Pursuant to 15 U.S.C. § 1117, the Plaintiff is entitled to recover the costs of the action. *See* 15 U.S.C. § 1117. The Plaintiff requests that this Court award costs in the total amount of $756.47 consisting of the filing fee ($402.00), the process server fee ($320.00), and Plaintiff's investigation fees ($34.47). *See* Aff. Supp. Final Default J. ¶ 7.

d. <u>Plaintiff is Entitled to Injunctive Relief</u>

By the reasons explained in Plaintiff's Complaint and pursuant to 15 U.S.C. § 1116, the Plaintiff is entitled to injunctive relief. The Plaintiff requests that this Court enter an order which permanently enjoins the Defendants and its agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concert or participation with it from:

(a) Import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing advertising or promotion of the ELFBAR product identified in the complaint and any other unauthorized ELFBAR product, counterfeit, copy or colorful imitation thereof.

11

(b) Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs (a) above.

e. <u>Plaintiff is Entitled to Destruction of Infringing Products</u>

Pursuant to 15 U.S.C. §1118, the Plaintiff requests that this Court grant an order requiring the Defendants, at their cost, deliver to the Plaintiff for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the ELFBAR Marks.

## V. CONCLUSION

Given the foregoing, this Court should grant Plaintiffs' motion in its entirety.

Date: August 11, 2023

Respectfully Submitted,

/s/ Gabrielle Alexa Penalta
Gabrielle Alexa Penalta
Fla Bar #301796
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Serv600@LegalBrains.com
Serv555@LegalBrains.com
Telephone: 813-448-112

*Attorney for the Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 11, 2023, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

/s/ Gabrielle Alexa Penalta
Gabrielle Alexa Penalta